IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIELLE NICOLE GILLIAM : 
ALLEN *EXECUTRIX, ON BEHALF* : 
*OF THE ESTATE OF EUGENE ALLEN,* : 
    *Plaintiff,* : 
     : 
    v. :     CIVIL ACTION NO. 18-CV-2793
     : 
JUDGE WILLIAM P. MAHON, : 
    *Defendant.* : 

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                           AUGUST 22, 2018

    Plaintiff Gabrielle Nicole Gilliam Allen, as Executrix of the Estate of Eugene Allen, filed this civil action against Judge William P. Mahon, premised on the Judge's handling of a 2005 mortgage foreclosure matter filed in the Chester County Court of Common Pleas against the Estate. Allen also seeks leave to proceed *in forma pauperis*. By a July 23, 2018 Order, this action was stayed pending a decision from the United States Court of Appeals for the Third Circuit ("Third Circuit") in the matter of *Murray v. City of Philadelphia*, Appeal No. 16-3145, addressing whether an executor or administrator of an estate, who is not an attorney, may proceed *pro se* in federal court on behalf of the estate. (ECF No. 4). The Third Circuit recently issued its opinion in *Murray*, holding that "a non-attorney who is not a beneficiary of the estate may not conduct a case *pro se* on behalf of the estate." *Murray ex rel. Purnell v. City of Philadelphia*, No. 16-3145, 2018 WL 3978205, at *1 (3d Cir. Aug. 21, 2018). In light of this opinion, the stay of this case is lifted, Allen has leave to proceed *in forma pauperis*, and her Complaint is dismissed for the following reasons.

1

## I. FACTS

According to the Complaint, in 2007 Judge Mahon, who presided over the foreclosure case, ordered a sheriff's sale of the Estate's property. The Complaint alleges that the sale was improper for various reasons, that the Judge was biased against the Estate, and that the Judge's actions placed a "cloud on the title" to the property. (Compl. ECF No. 2 at 3.)[1] The Court understands the Complaint to be asserting constitutional claims under 42 U.S.C. § 1983 based entirely on Judge Mahon's handling of the mortgage foreclosure case.

The Estate is the Plaintiff in the instant case. However, it also appears that the Complaint attempts to raise claims on behalf of Allen in her individual capacity. Allen seeks "a judgment reversing, dismissing and making void the judgments and Court Orders of Judge William H. Mahon, on the wrongful foreclosure cause of action . . . ." (*Id.* at 10.) She also seeks damages, imposition of criminal charges, and other relief.

## II. STANDARD OF REVIEW

The Court will grant Allen leave to proceed *in forma pauperis* because it appears that she cannot afford to pre-pay the fees to commence this civil action.[2] As Allen is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) applies. This section requires the court to dismiss a complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, a complaint "must contain

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

[2] Artificial entities generally may not proceed *in forma pauperis*, *see Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-04 (1993), although the Third Circuit has not specifically addressed "whether an estate may be granted *in forma pauperis* status." *Murray*, No. 16-3145, 2018 WL 3978205, at *1. Leaving that issue aside, Allen is certainly eligible to proceed *in forma pauperis* in connection with claims raised on her own behalf.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Allen is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Representing the Estate

As noted above, the Third Circuit held in *Murray* "that a non-attorney who is not a beneficiary of the estate may not conduct a case *pro se* on behalf of the estate." No. 16-3145, 2018 WL 3978205, at *1. The Third Circuit went on to explain that "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake." *Id.* at *2. Here, the Complaint indicates that Allen is bringing claims in her capacity as Executrix of the Estate of Eugene Allen; it is not clear whether she is also a beneficiary or whether the estate has any other beneficiaries or creditors. Accordingly, it is not clear that Allen has standing to bring this case.

### B. *Rooker-Feldman* Doctrine

Even if Allen was able to raise claims on behalf of the Estate as a sole beneficiary or on her own behalf,[3] the Court lacks jurisdiction to vacate Judge Mahon's orders or review his rulings. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-*

---

[3] It is difficult, however, to see how Allen could raise claims in her individual capacity based on the loss of property belonging to the Estate.

3

*Feldman* doctrine deprives a federal district court of jurisdiction over cases brought by unsuccessful state-court individuals "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Allen and the Estate did not prevail in the state court matter and are challenging that unfavorable judgment based on allegations that imposition of that judgment violated their rights. On the basis of these allegations, this Court lacks jurisdiction to review their claims.

### C. Claims Under § 1983

To the extent Allen has standing to raise any claims over which this Court may exercise jurisdiction, any such claims also fail. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). As all of Allen's claims are based on Judge Mahon's alleged handling of the foreclosure case, Judge Mahon is entitled to absolute judicial immunity. Therefore, Allen's claims are dismissed.[4]

### IV. CONCLUSION

For the foregoing reasons, Allen's Complaint is dismissed. Allen will not be granted leave to file an amended complaint because any amendment would be futile. An Order follows.

*NITZA I. QUINONES ALEJANDRO, J*

---

[4] Any claim for violations of criminal statutes or requests for the imposition of criminal charges are improper. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *see also Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (*per curiam*) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014), ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*).